## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| John M. Schoppe[1], | ) | Case No. 09-04652 |
| | ) | |
| Debtor. | ) | Substantively Consolidated |

## FINAL ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL OF FIRST FEDERAL AND PROVIDE ADEQUATE PROTECTION

Upon the motion (the "Motion") of the Debtors RML Capital Investment, LLC ("RML"), Premier Homes, LLC ("Premier"), Highland Real Estate of Aurora, Inc. ("Highland") and John M. Schoppe ("Schoppe")(collectively referred to herein as "Debtors") for the entry of a final order pursuant to Sections 105, 361, and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) authorizing the Debtors to Use Cash Collateral; and (b) provide adequate protection to First Federal as more fully set forth herein.

## THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. On February 13, 2009, Debtors filed their petition for reorganization under Chapter 11 of the Bankruptcy Code. Debtors' business consists of the owning, selling, and leasing numerous residential properties and apartments. Pursuant to 11 USC § 1107 and § 1108, the Debtors are entitled to possession of its assets and are authorized as Debtors in Possession, to continue the operation and management of its businesses.

2. First Federal claims a perfected security interest in several properties identified in Exhibit 1 which was tendered to the Court. First Federal claims a lien on those properties which includes an assignment of leases.

---

[1] On May 5, 2009, the Bankruptcy Court entered an order substantively consolidating the chapter 11 cases RML Capital Investment, LLC (Case No. 09-04609); John M. Schoppe (Case No. 09-04652); Premier Homes, LLC (Case No. 09-04654); and Highland Real Estate of Aurora, Inc. (Case No. 09-04656) into Schoppe, Case No. 09-04652.

3.    The First Federal properties generate a total monthly rent of $15,710.00. This monthly rent is property of the estate and necessary to the continued operation of Debtors' businesses. The present principal amount due to First Federal is approximately $1,570,000.00 and the value of its properties is approximately $2,550,000.00.

4.    In consideration for the use of First Federal cash collateral for the budget items identified as Exhibit 2 attached hereto, First Federal shall be provided a replacement lien in post-petition cash and accounts receivable to the extent and priority as existed pre-petition. Debtors shall provide to First Federal copies of all monthly operating reports as it provides those reports to the Trustee and the Court.

5.    The Debtors shall keep all of First Federal collateral insured. Moreover, the Debtor has established a separate account to be used to segregate First Federal's collateral from the other lenders collateral.

6.    Notice of the final hearing on the Motion and this Order has been provided by facsimile transmission, mail, and/or overnight mail to First Federal (which has not appeared in these proceedings), to the Office of the United States Trustee, to all parties known to the Debtors to have liens or security interests in any of the Debtors' assets, and to the 20 largest unsecured creditors of the Debtors for which the Debtors had contact information (the "Notice") and no objections having been filed.

7.    The Debtors requested that the entry of this Order pursuant to Bankruptcy Rule 4001(b)(2). The authorization granted herein to allow the Debtors to use Cash Collateral hereunder is necessary to avoid immediate and irreparable harm to the Debtors. The entry of this Order is in the best interest of the Debtors and its estate and creditors and its implementation will, among other things, allow the continued operation of the Debtor's existing businesses.

8.      Notwithstanding anything to the contrary herein, the entry of this order is without prejudice to, and does not constitute a waiver of, expressly or implicity, or otherwise impair: (a) any of the rights of First Federal under the Bankruptcy Code or under non-bankruptcy law, including, without limitation the right of First Federal to (i) request additional adequate protection of their interests or relief from or modification of the automatic stay under Section 362 of the Bankruptcy Code, (ii) requests conversion or dismissal of the cases; and (iii) propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a Chapter 11 Plan; or (b) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of First Federal.

9.      The use by Debtors of cash collateral is hereby authorized, confirmed and approved subject to the conditions set forth in paragraph five (5) and six (6).  Since no written objections were filed to the Second Interim Order Authorizing Use of Cash Collateral and request for final hearing on the Motion has been timely filed with this Court, and served upon and timely received by all parties entitled to notice thereof, this Order shall be deemed to be the final order, retroactive to May 5, 2009, and shall continue on a final basis and remain in full force and effect and constitute final authority for the financial accommodations contemplated by this Order, and any objection by any party in interest to the terms of this Order and the relief requested in the Motion shall be deemed forever waived.. The provisions of this Order shall remain in full force and effect unless modified or vacated by other subsequent order of this Court. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this Court or any other court, such stay, modification, or vacation shall not affect the validity and enforceability of any lien, priority, or other benefit authorized hereby with respect to the Adequate Protection Obligation incurred in the intervening period.

Dated: _____, 2009

ENTERED:

MAY 14 2009

_John H Squires_ (signature)

United States Bankruptcy Judge

MAY 14 2009