**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| John M. Schoppe[1] | ) | Case No. 09-04652 |
| Debtor. | ) | Substantively Consolidated |
| | ) | Hearing Date and Time: |
| | ) | **August 26, 2010** at **9:30 AM** |

**Notice of Hearing on Third and Final Application for Allowance and Payment
of Compensation and for Reimbursement of Expenses to Robert L. McGrath, P.C.
as Co-Counsel to the Official Unsecured Creditor's Committee for the Period From
<u>March 27, 2010 Through July 20, 2010</u>**

TO:   ALL ECF REGISTRANTS and by FACSIMILE TRANSMISSION TO:

| | | |
|---|---|---|
| Randall West Condo Assoc. | Andy Toma | Chris & Rebecca Youngblood |
| c/o Irwin Scherman | concrete.andy@hotmail.com | rubysayzz@sbcglobal.net |
| irwin97@comcast.net | | |

PLEASE TAKE NOTICE that on **AUGUST 26, 2010** at **9:30 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable John H. Squires, United States Courthouse, 219 South Dearborn Street, Room 680, Chicago, Illinois and then and there present the **Third and Final Application for Allowance and Payment of Compensation and for Reimbursement of Expenses to Robert L. McGrath, P.C. as Co-Counsel to the Official Creditor's Committee**, a true and correct copy of which is attached hereto and hereby served upon you.

Robert L. McGrath (ARDC No. 03124759)
Robert L. McGrath, P.C.
520 W. Roosevelt Road
Suite 300
Wheaton, IL 60187
(630) 668-7050

**<u>CERTIFICATE OF SERVICE</u>**

I, Deborah K. Ebner, hereby certify that I caused a true and correct copy of the foregoing Notice of Hearing and the document identified therein to be served on the persons listed above their respective fax numbers or via electronic notice, as indicated, on July 23, 2010

              /s/Deborah K. Ebner
              Deborah K. Ebner

---

[1] On May 5, 2009, the Bankruptcy Court entered an order substantively consolidating the chapter 11 cases RML Capital Investment, LLC (Case No. 09-04609); John M. Schoppe (Case No. 09-04652); Premier Homes, LLC (Case No. 09-04654); and Highland Real Estate of Aurora, Inc. (Case No. 09-04656.) into Schoppe, Case No. 09-04652.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
|     John M. Schoppe[2] | ) | Case No. 09-04652 |
|                       Debtor. | ) | Substantively Consolidated |
| | ) | Hearing Date and Time: |
| | ) | **August 26, 2010** at **9:30 AM** |

### THIRD AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES TO ROBERT L. McGRATH, P.C. AS CO-COUNSEL TO THE OFFICIAL UNSECURED CREDITOR'S COMMITTEE FOR THE PERIOD FROM MARCH 27, 2010 THROUGH JULY 21, 2010

Robert L. McGrath, P.C., ("RLM") co-counsel to The Official Unsecured Creditor's Committee ("Committee") for the Chapter 11 Estate of John M. Schoppe ("Schoppe"), debtor herein, hereby request entry of a final Order, pursuant to Section 330 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure ("FRBP"): (i) allowing RLM a final award of compensation for services rendered to the Committee and for reimbursement of expenses incurred in connection therewith for the period from March 27, 2010 through July 20, 2010 (the "Subject Period"). In support, RLM states:

### Background

1. On February 13, 2009 (the "Petition Date"), RML Capital Investment, LLC, et al. (collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Code").

2. On October 1, 2009, the United States Trustee appointed the Committee.

3. On October 1, 2009, the Committee convened and voted to retain the legal services

---

[2] On May 5, 2009, the Bankruptcy Court entered an order substantively consolidating the chapter 11 cases RML Capital Investment, LLC (Case No. 09_04609); John M. Schoppe (Case No. 09_04652); Premier Homes, LLC (Case No. 09_04654); and Highland Real Estate of Aurora, Inc. (Case No. 09_04656.) into Schoppe, Case No. 09_04652.

of Deborah K. Ebner and Robert L. McGrath.

4. On October 15, 2009 this Court appointed the Law Office of Deborah K. Ebner ("Ebner") and Robert L. McGrath as co-counsel to the Official Unsecured Creditor's Committee, effective as of October 2, 2009.

5. On July 20, 2010 this Court entered its July 19, 2010 Order converting this case to Chapter 7 of the Code.

6. This Application is the third and final application filed by RLM, and seeks compensation as counsel for the Committee for the time period of March 27, 2010 through July 20, 2010, and for reimbursement of expenses incurred during that period.

7. On January 4, 2010, RLM filed its first interim application for compensation and expense reimbursement for the period October 2, 2009 through December 3, 2009 ("First Application"). Pursuant to its First Application and this Court's order dated February 23, 2010, RLM was awarded and paid $24,765.25 as interim compensation and $551.34 for reimbursement of expenses.

8. On April 6, 2010, RLM filed its second interim application for compensation and expense reimbursement for the period of December 4, 2009 through March 26, 2010 ("Second Application"). Pursuant to its Second Application and this Court's Order dated May 6, 2010, RLM was awarded and paid $26,299.25 as interim compensation and $794.41 for reimbursement of expenses.

9. RLM now files his third and final application for compensation and expense reimbursement for the period of March 27, 2010 through July 20, 2010 ("Application").

10. RLM does not hold or represent any interest adverse to the estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code. RLM has

3

previously filed the Affidavit of Robert L. McGrath in Support of Application to Retain RLM as counsel for the Unsecured Creditor's Committee under 11 U.S.C. §327(a) (the "Affidavit").

11. RLM performed services for which it is seeking compensation on behalf of or for the Official Unsecured Creditor's Committee and not on behalf of the debtor, any creditor or other person.

12. Except to the extent of prior allowances approved and paid pursuant to the First and Second Applications (as more specifically detailed above), RLM has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this Chapter 11 Case.

13. By this Application, RLM is seeking entry of a final order: (i) approving the total fees and disbursements incurred by RLM on behalf of the Official Unsecured Creditor's Committee during the Subject Period; and (ii) deeming all interim awards final; and (iii) authorizing the Trustee to pay to RLM such amounts awarded.

14. During the Subject Period, RLM devoted a total of 58.47 hours to the performance of necessary and valuable services on behalf of the Committee for which RLM requests final compensation in the amount of $17,248.65. Attached to this Application as **Exhibit "A"** is the itemized statement of RLM's services setting forth, by subject matter category, a detailed description of services rendered, the hours spent on such services and the amounts charged therefore; and **Exhibit "B"** is an itemized statement of services, by date. Each entry on Exhibits "A" and "B" was entered contemporaneously with the expenditure of time on time sheets or computer records that are regularly kept by RLM.

15. The necessary professional services performed by RLM during the Subject Period may be summarized as follows:

4

Document      Page 5 of 8

(a) <u>Litigation</u>. The time spent in this category during the Subject Period was incurred in the performance of activities to identify and pursue avoidable preferential transfers and fraudulent conveyances made by the Debtor. To further the Committee's efforts to avoid the preferential transfers, fraudulent conveyances and to compel the turnover of non-disclosed assets of the Debtor, RLM prepared and issued multiple subpoenas for records and depositions. A number of parties subpoenaed failed to respond in a timely manner and RLM represented the Committee in the pursuit of the full and complete compliance with the discovery requests issued. RLM analyzed the documents produced and identified potential claims for the Committee to pursue. In a number of instances, RLM's analysis of the documents produced by one party led to the identification of additional transfers and/or undisclosed assets for the Committee to pursue; and the need for additional discovery. RLM worked with co-counsel to formulate a strategy to pursue avoidance of preferential transfers, fraudulent conveyances and recovery of undisclosed assets. RLM has expended 50.12 hours in this category for which it now requests compensation in the amount of $14,785.40.

(b) <u>Asset Analysis and Recovery</u>. The time spent in this category includes the ongoing efforts by RLM to investigate transfers and sale of over 160 parcels of real property by the Debtor, in conjunction with the ongoing preference analysis and identification of undisclosed assets to ensure that so that the Committee's interests were protected, and not just the interests of the Debtor and various insiders. In connection with this, RLM conducted an investigation and analysis of certain properties in order to provide the Committee with the information necessary to analyze and make a determination as to the reasonableness and appropriateness of the Debtor's proposed sale of certain parcels of real property. In furtherance of these efforts, RLM conducted a physical review of various parcels of real property (both disclosed and non-disclosed) to assist in the market

value determination of the Properties and as evidence against the Debtor's schedules and various assertions made by the Debtor. RLM reviewed financial records including check registers, payroll records and tax returns to determine ownership and dates of transfer, as appropriate. RLM conducted onsite reviews of documents produced by financial institutions and otherwise reviewed documents which provided the Committee with the information needed to properly identify and value the assets of the Estate. RLM has expended .9 hours in this category for which it now requests compensation in the amount of $265.50.

(c) <u>Fees/Employment Applications</u>. This category includes time spent on fee and employment related matters. RLM has expended 1.8 hours in this category for which it now requests compensation in the amount of $531.00.

(d) <u>Committee Meetings</u>. This category includes time spent by RLM corresponding and meeting with the Committee as to status, strategy and case administration issues. RLM prepared correspondence and participated in numerous meetings (including conference calls) with Committee members regarding case status, discovery issues and the status of preferential transfers identified, including real property transfers and transfers to insiders. RLM has expended 5.65 hours in this category for which it now requests compensation in the amount of $1,666.75.

14. In addition to the time expended by RLM in his representation of the Committee RLM incurred actual and necessary costs and expenses on behalf of the Committee during the Subject Period in the amount of $2,369.37 (the "Subject Period Expenses"), itemized in **Exhibit "C"** hereto. RLM requests that the Subject Period Expenses be allowed and paid. RLM has not charged for photocopies, outgoing or incoming telecopies, or parking expenses, but reverses the right to do so in future applications.

15. Every effort has been made to avoid duplication of services by Deborah Ebner and

6

Robert L. McGrath; when more than one attorney participated in any matter or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the division of responsibilities among counsel, the various legal disciplines required, or the need to familiarize both persons with such matters so that he or she could independently perform further necessary work thereon.

16. The normal, usual and customary rate charged by RLM is $295.00 per hour. RLM has practiced for 30 years almost exclusively in the areas of real estate and litigation. As noted on Exhibit A and B attached hereto, in some instances when the services rendered could be performed by a professional with lesser experience, RLM has charged the Estate for a portion of the actual time spent performing the services, thereby effectively reducing the rate charged for the services.

18. RLM has served a full copy of this Application, along with notice of the hearing thereon, either electronically or by first class mail, as indicated on the attached Certificate of Service, upon the parties or their counsel who are listed on the official service list for this case. RLM has also served a joint notice of the hearing ("Joint Notice") on this Application and the Second Interim Application of the Law Office of Deborah K. Ebner, as co-counsel to the Committee (collectively, the "Applications"), which included the date, time and place of such hearing, the amounts requested in the respective Applications, and the manner in which recipients of the notice may obtain a copy of the Applications, on all creditors of the Debtor pursuant to FRBP 2002(a). A copy of the Joint Notice is attached hereto as **Exhibit "D"**.

**WHEREFORE**, Robert L. McGrath, P.C. asks this Honorable Court to grant relief, after hearing upon due and proper notice, as follows:

A. Finding that reasonable compensation for actual and necessary legal services rendered by Robert L. McGrath to the Committee during the Subject Period is the sum of

7

$17,248.65, and allowing Robert L. McGrath interim compensation in that amount;

B. Allowing RLM reimbursement for actual and necessary expenses incurred during the Subject Period on behalf of the Committee in connection with such legal services in the sum of $2,369.37;

C. Rendering that all prior awards entered by this Court are final.

D. Authorizing the Trustee to pay to RLM all amounts awarded for legal services and expense reimbursement;

E. Approving Notice of this Application as sufficient and finding that no other or further notice is required; and

F. Granting such other and further relief as this Court deems appropriate.

Dated: July 23, 2010                                    Robert L. McGrath, P.C.

                                                        By:    /s/ Robert L. McGrath

Robert L. McGrath (ARDC No. 03124759)
Robert L. McGrath, P.C.
520 W. Roosevelt Road
Suite 300
Wheaton, IL 60187
(630) 668-7050