**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | (Converted from a Chapter 11 on |
| John M. Schoppe[1], | ) | July 19, 2010) |
| | ) | |
| | ) | Case No. 09-04652 |
| Debtor. | ) | |
| | ) | Substantively Consolidated |

## NOTICE OF MOTION

    PLEASE TAKE NOTICE THAT on **Thursday, October 7, 2010 at 9:30 a.m.,** I shall appear before the Honorable Judge John H. Squires, Bankruptcy Judge in Courtroom 680, of the Everett McKinley Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago Illinois, or before any other Bankruptcy Judge who may be sitting in his stead and present **COMAN & ANDERSON, P.C.'S FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES,** a copy of which is served on you.

                                        Respectfully submitted,

                                        John M. Schoppe

                                        By: s/ *John A. Lipinsky*

| | |
|---|---|
| John A. Lipinsky | Bradley J. Waller |
| ARDC: 6207678 | ARDC: 6198210 |
| Coman & Anderson, P.C. | Klein, Stoddard, Buck, Waller & Lewis, LLC |
| 2525 Cabot Drive, Suite 300 | 2045 Aberdeen Court, Suite A |
| Lisle, Illinois 60532 | Sycamore, Illinois 60187 |
| T: (630) 428-2660 | T: (815) 748-0380 |
| F: (630) 428-2549 | F: (815) 748-4030 |
| | |
| | Counsel for the Debtor and |
| | Debtor in Possession |

---

[1] On May 5, 2009, the Bankruptcy Court entered an order substantively consolidating the chapter 11 cases RML Capital Investment, LLC (Case No. 09-04609); John M. Schoppe (Case No. 09-04652); Premier Homes, LLC (Case No. 09-04654); and Highland Real Estate of Aurora, Inc. (Case No. 09-04656) into Schoppe, Case No. 09-04652.

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing **COMAN & ANDERSON, P.C.'S FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES** and **NOTICE OF MOTION**, thereof, to be served on the following parties as specified below via the ECF Court System on this 15th day of September, 2010 and via First Class Mail, proper postage prepaid, on this 16th day of September, 2010.

### VIA ECF

| Party | Email |
|---|---|
| Harris Bank Aurora, NA | kcarlson@muchshelist.com; mwasserman@muchshelist.com |
| Harris N.A. | aehrenberg@ehrenbergeganlaw.com |
| AMCORE | fredrharbecke@sbcglobal.net |
| First Bank | fredrharbecke@sbcglobal.net |
| Old Second National Bank | rglarsen@mrmlaw.com |
| Valley Community Bank | khmorse@arnstein.com; mrstein@arnstein.com |
| Christopher & Rebecca Youngblood | tpwlaw@comcast.net; tpwlaw@comcast.net |
| Anthony L. Wishart | megand@rglawfirm.com |
| William T. Neary, U.S. Trustee | USTPRegion11.ES.ECF@usdoj.gov |
| Randall West Condominium Association | arummler@springerbrown.com; adavis@springerbrown.com |
| Taylor Bean & Whitaker Mortgage Corp. | nd-three@il.cslegal.com |
| First United Bank | carrollmark@ameritech.net |
| Piccione Keeley & Associates, Ltd. | kduda@kdudalaw.com |
| Kinnally Flaherty Krentz & Loran | pkinnally@kfkllaw.com |
| Charter One Bank | kropik@kropik.net |
| Mary S. Atols | simantz@ashlaw.net |
| Architectural Design & Construction Corp. | richala@sbcglobal.net; bk-lawfirm@sbcglobal.net |
| Hyatt Realty Corporation | richala@sbcglobal.net; bk-lawfirm@sbcglobal.net |
| Edward Hyatt | richala@sbcglobal.net; bk-lawfirm@sbcglobal.net |
| Nicholas Hyatt | richala@sbcglobal.net; bk-lawfirm@sbcglobal.net |
| William G. Roberts, Jr. | dyuen@tsmp.com; jborcia@tsmp.com |
| Arlington Place Apartments, LLC | stein@dlec.com; ben-dov@dlec.com; masalski@dlec.com |
| First Federal Savings Bank | aslaw@mchsi.com |
| Thomas Wollenweber | kkramer@dankramerlaw.com |
| Palace Properties, LLC | bruce@dopkelaw.com |
| JPMorgan Chase Bank | jburns@cbklaw.com |
| JPMorgan Chase Bank, N.A. | mkalkowski@fisherandshapiro.com; BK_IL_Notice@fisherandshapiro.com |
| Ocwen Loan Servicing, LLC | nd-four@il.csegal.com; nd-three@il.cslegal.com |
| Elizabeth Schoppe | kmcclintic@keatingshure.com; smcclintic@keatingshure.com |
| American Home Mortgage Servicing, Inc. | ypolycarpe@atty-pierce.com; northerndistrict@atty-pierce.com |
| Committee of Unsecured Creditors | dkebner@deborahebnerlaw.com; cignettolaw@yahoo.com |

### VIA FIRST CLASS MAIL

| | | |
|---|---|---|
| Christopher Pennington<br>PO Box 262<br>Yorkville, Illinois 60560 | Kent Hill<br>145 Shorewood Drive<br>Valparaiso, Indiana 46385 | Bridgeview Bank Group<br>C/O Martin J Wasserman<br>191 North Wacker, Suite 1800<br>Chicago, Illinois 60606 |
| Orchard Valley Homeowners Association<br>c/o Mr. Foote<br>Dreyer, Foote, Streit, Furgason and Slocum<br>1999 West Downer Place<br>Aurora, Illinois 60506 | Michael Adams<br>708 Queensgate Circle<br>Sugar Grove, Illinois 60554 | Steve Kuhn<br>164 South Gladstone<br>Aurora, Illinois 60506 |
| Tony and Elaine LaMonica<br>2 S 654 Ashley Drive<br>Glen Ellyn, Illinois 60137 | Chicago Title<br>Attn: Claims Dept.<br>601 Riverside Avenue<br>Jacksonville, Florida 32204 | Will County Collector<br>Will County Office<br>302 North Chicago Street<br>Joliet, Illinois 60432 |

| | | |
|---|---|---|
| Citi Card, Attn: Legal Department<br>East 60th Street North<br>P.O. Box 6034<br>Sioux Falls, South Dakota 57117 | LaSalle County Treasurer<br>707 East Etna Road<br>Ottawa, Illinois 61350-1047 | Cook County Treasurer<br>Attn: Susan Bruen<br>118 North Clark Street, Suite 112<br>Chicago, Illinois 60602 |
| Mountain National Bank<br>Attn: Dwight Grizell, President<br>300 East Main Street<br>P.O. Box 6519<br>Sevierville, Tennessee 37864-6519 | R.J. Schoppe<br>27 Canterbury Road<br>Aurora, Illinois 60506 | DeKalb County Collector<br>110 East Sycamore Street<br>Sycamore, Illinois 60178 |
| Jim Hoeflinger<br>1854 Carrier Circle<br>Plainfield, Illinois 60586 | Dupage County Treasurer<br>P.O. Box 787<br>Wheaton, Illinois 60189-0787 | Mark Schoppe<br>1107 West Galena Boulevard<br>Aurora, Illinois 60506 |
| Kendall County Tax Collector<br>111 Fox Street<br>Yorkville, Illinois 60560 | Tennessee Dept. of Revenue<br>500 Deaderick Street<br>Nashville, Tennessee 37219 | Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 South Dearborn Street<br>Chicago, Illinois 60604 |
| Steve Schoppe<br>420 Flagg St<br>Aurora, Illinois 60505 | Disimone Evelyn<br>616 Chesterfield Lane<br>North Aurora, Illinois 60542 | Michael Schoppe<br>202 Lombardy Lane<br>Oswego, Illinois 60543 |
| Associate Area Counsel, SB/SE<br>200 West Adams Street, Suite 2300<br>Chicago, Illinois 60606 | Hollywood Casino Aurora<br>Attn: Nicole Anderson<br>49 West Galena Boulevard<br>Aurora, Illinois 60506 | Michael Russo and Susan Russo<br>1111 Davey Drive<br>Batavia, Illinois 60510 |
| Orchard Valley Homeowners Association<br>c/o Alfa Management Services, Inc.<br>Attn: Pat Torres<br>625 North Elmwood Drive, Suite B<br>P.O. Box 4482<br>Aurora, Illinois 60507-4482 | Tennessee Dept. of Labor & Workforce<br>Development – Unemployment Insurance<br>c/o TN Attorney General's Office, BK Division<br>P.O. Box 20207<br>Nashville, TN 37202-0207 | Bridgeview Bank<br>4753 North Broadway<br>Chicago, Illinois 60640 |
| Edward Hyatt<br>23132 Joyce Lane<br>Naperville, Illinois 60564 | Robert L. McGrath<br>Robert L. McGrath, P.C.<br>520 Roosevelt Road, Suite 300<br>Wheaton, Illinois 60187 | Emergency Medical Services, Inc.<br>c/o James B. Jordan<br>13145 Salamonie Way<br>Westfield, Indiana 46074 |

*s/ Tammy R. Milton*
Tammy R. Milton

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | (Converted from a Chapter 11 on |
| John M. Schoppe[2], | ) | July 19, 2010) |
| | ) | |
| | ) | Case No. 09-04652 |
| Debtor. | ) | |
| | ) | Substantively Consolidated |

**COMAN & ANDERSON, P.C.'S FINAL APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Coman & Anderson, P.C. ("C&A"), bankruptcy counsel for John M. Schoppe, the Debtor and Debtor-in-Possession (the "Debtor") in the above captioned chapter 11 case, pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 (the Federal Rules of Bankruptcy Procedure are referred to herein as the "Bankruptcy Rules") and Local Rule 5082-1 of the Bankruptcy Rules for the Northern District of Illinois (the "Local Bankruptcy Rules"), respectfully:  (i) makes application for compensation and reimbursement of expenses for the period of May 1, 2010 through July 19, 2010, (the "Application") and (ii) for the entry of a final Order to allow its claim for final fees and expenses for services rendered and expenses incurred.  In support of its final application, C&A states as follows:

**Background**

1.     On February 13, 2009 ("Petition Date"), RML Capital Investments, LLC ("RML"), Highland Real Estate of Aurora, Inc. ("Highland"), Premier Homes, LLC ("Premier")

---

[2] On May 5, 2009, the Bankruptcy Court entered an order substantively consolidating the chapter 11 cases RML Capital Investment, LLC (Case No. 09-04609); John M. Schoppe (Case No. 09-04652); Premier Homes, LLC (Case No. 09-04654); and Highland Real Estate of Aurora, Inc. (Case No. 09-04656) into Schoppe, Case No. 09-04652.

and John M. Schoppe ("Schoppe") filed voluntary petitions for relief (the "Bankruptcy Cases") under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court").

2. On February 19, 2009, the Bankruptcy Court entered an order providing for the joint administration of the Bankruptcy Cases under the lead case, RML Capital Investment, LLC, et al. Case No. 09-B-04609.

3. On May 5, 2009, the Bankruptcy Court entered an order substantively consolidating the chapter 11 Debtors, RML, Highland, Premier into Schoppe, Case No. 09-04652. (*See* Docket Entry 179 filed in Case No. 09-04609).

4. A committee of unsecured creditors was appointed on October 2, 2009.

5. Schoppe is the 100% owner of RML, Premier, and Highland and the sole director of Highland. These entities and Schoppe collectively own(ed), lease(d), and sell real estate with his principal place of business in Aurora. In total, the Debtor owned approximately 120 properties.

6. Upon the request of Debtor, the Court, by Order dated May 14, 2009, appointed C&A, as counsel for the Debtor to represent it in this Chapter 11 case retroactively to the Petition Date. (*See* Docket Entry 38 filed in Case No. 09-04652). Pursuant to this Order, C&A may file its Fee Applications every sixty days.

7. On July 19, 2010, the consolidated Debtor was converted from a case proceeding under Chapter 11 to one under Chapter 7.

8. This Application is the final application filed by C&A, and seeks compensation as counsel for the Debtor for the time period of May 1, 2010 through July 19, 2010, and for reimbursement of expenses incurred during that period.

2

9. C&A does not hold or represent any interest adverse to the estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code. C&A has previously filed the Affidavit of John A. Lipinsky in Support of Applications to Retain C&A as counsel for the Debtor under 11 U.S.C. §327(a) (the "Affidavit").

10. C&A performed services for which it is seeking compensation on behalf of or for the Debtor and its estate and not on behalf of any committee, creditor or other person.

11. Except to the extent of the advance payment retainer paid to C&A, which was previously disclosed to this Court, C&A has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this Chapter 11 Case.

12. Pursuant to this Court's Order dated May 14, 2009, C&A has applied funds for services it provided to the Debtor from February 13, 2009 through April 30, 2009, from its Advanced Payment Retainer, which was then converted to a security retainer beginning on May 1, 2009.

13. C&A does not, by this application, seek compensation or reimbursement for any services or expenses for which compensation or reimbursement has been received.

## JURISDICTION

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M). The statutory and legal predicate for the relief sought herein is §105(a), 330 and 331 of the Bankruptcy Code.

## Case Status

15. While operating as a Debtor in Possession under Chapter 11, the Debtor, through this liquidating Chapter 11, sold approximately 115 properties. In addition, the Debtor filed his

3

proposed Plan of Liquidation and Disclosure Statement on September 25, 2009. On October 2, 2009, an unsecured creditors committee was formed. The Debtor filed amended an Amended Plan and Disclosure Statement on March 12, 2010 and a First Amended Plan and Disclosure Statement on April 1, 2010. On July 19, 2010, the case was converted to a case under Chapter 7.

16. The Debtor has paid all quarterly fees due to the United States Trustee and all Monthly and Quarterly Operating Reports have been filed.

## **Prior and Current Compensation**

17. This Application represents the Fifth and Final Application for Compensation and Expense reimbursement that C&A has filed in this case. On July 31, 2009 C&A filed its First Interim Application for Allowance of Compensation and Expense Reimbursement for the period from May, 2009 through June 30, 2009 ("First Application")(***See*** Docket Entry 114). Pursuant to its First Application and this Court's Order dated September 1, 2009 (***See*** Docket Entry 153), C& A was awarded and paid $53,440.46 from C&A's retainer.

18. On October 7, 2009 C&A filed its Second Interim Application for Allowance of Compensation and Expense Reimbursement for the period from July 1, 2009 through August 31, 2009 ("Second Application")(***See*** Docket Entry 186). Pursuant to its Second Application and this Court's Order dated December 10, 2009 (***See*** Docket Entry 250), C&A was awarded and paid $47,810.74 from C&A's retainer.

19. On March 15, 2010, C&A filed its Third Interim Application for Allowance of Compensation and Expense Reimbursement for the period from September 1, 2009 to December 31, 2009 ("Third Application") (***See*** Docket Entry 334). Pursuant to its Third Application and this Court's Order dated April 15, 2010 (***See*** Docket Entry 370), C&A was awarded and paid $84,995.85 from C&A's retainer.

4

20. On June 2, 2010, C&A filed its Fourth Interim Application for Allowance of Compensation and Expense Reimbursement for the period from January 1, 2010 through April 30, 2010 ("Fourth Application")(*See* Docket Entry 407). Pursuant to its Fourth Application and this Court's Order dated August 12, 2010 (*See* Docket Entry 489), C&A was awarded and paid $89,341.44 from C&A's retainer.

21. From May 1, 2010 through July 19, 2010 ("Application Period"), C&A rendered 193.2 hours to represent the Debtor. For those services, C&A seeks $50,033.00 in legal services rendered and $1,755.93 for expense reimbursement.

### Nature of Legal Services Performed by C&A

22. In summary, C&A has assisted the Debtor in the administration of its estate and has performed the services set forth on the schedule attached hereto and made part hereof as Attachment C. Attachment C identifies the services performed, the date and amount of time involved, the individual performing the service, and the billing rate of the individual, broken into categories of work performed. The services performed and documented by Exhibit C include, but are not limited to: providing legal advice to Debtor concerning management and operations as debtor-in-possession; representing Debtor in negotiations with various secured creditors and counsel for the various constituencies in this case; analysis of assets, recovery of assets and asset disposition; negotiating, drafting and service of numerous 363 sale motions; managing the filing, drafting, serving and noticing of a substantial number of pleadings and papers in this case; and responding to inquiries from creditors.

23. As additional support of this Application, C&A has attached hereto the following items:

5

Attachment A: Pursuant to Local Rule 5082-1(B)(e) and (f), Exhibit A is a summary sheet listing all Coman & Anderson, P.C.'s attorneys and legal assistants who performed the services which are the subject of this Application, their position (e.g. attorney, legal assistant) their initials used in timekeeping, their respective hourly rates, the total time devoted by each lawyer or legal assistant to perform the services for the Debtor during the period covered by this Application, the total fees requested for the services performed by each listed lawyer or legal assistant, and the effective blended hourly rate at which the subject services were performed. Exhibit A also contains a statement of all compensation previously sought and allowed.

Attachment B: Chronological listing of the date of services, nature of services, professional performing the services and time expended.

Attachment C: Summary statement breakdown of principal activities and a breakdown of the total compensation sought for each person's work on each separate task for which Coman & Anderson, P.C. seeks compensation in this Application.

Attachment D: Chronological listing of advancements made and expenses incurred on behalf of the Debtors during the course of its representation, itemized by date, the nature of the expense and amount.

24.    The work performed and the services rendered for which compensation is requested, as well as the incurring of expenses for which reimbursement is requested, were necessary and proper in representing the Debtor in this case.

25.    The professional services rendered by C&A during the Application period are grouped into titled project categories, the titles and scope of work are as suggested under section 330 of the Bankruptcy Code, and are described in paragraphs 22 through 28 herein.

26.    General Case Administration: (Hours: 40.1; Fees: $10,937.00) This project category involves coordination and compliance activities, including preparation motions to employ ordinary course professionals; United States Trustee interim statements and operating reports; contacts with the United States Trustee; general creditor inquiries. A general breakdown is as follows:

6

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| David A. Newby | Attorney | $325.00 | 1.1 | $357.50 |
| John A. Lipinsky | Attorney | $300.00 - $315.00 | 29.5 | $8,968.50 |
| Kimberly A. Haskell | Paralegal | $150.00 - $160.00 | 6.5 | $986.00 |
| Maureen A. Maffei | Attorney | $205.00- $210.00 | 3.0 | $625.00 |
| | | | 40.1 | $10,937.00 |

27.     <u>Plan and Disclosure Statement</u>:  (Hours:  42.6 Fees $10,578.50) This project category encompasses the formulation of the Plan of Liquidation and Disclosure Statement for Debtor.  A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $300.00 - $315.00 | 23.8 | $7,324.50 |
| Kimberly A. Haskell | Paralegal | $150.00 - $160.00 | 15.9 | $2,390.00 |
| George S. Weems | Attorney | $260.00 - 270.00 | 1.2 | $324.00 |
| David A. Newby | Attorney | $325.00 | 1.2 | $390.00 |
| Thomas G. Oddo | Attorney | $300.00 | .5 | $150.00 |
| | | | 42.6 | $10,578.50 |

28.     <u>Asset Analysis and Recovery</u>:  (Hours:  28.9; Fees $7,916.00)  This project category primarily encompasses Debtor's attempt to recover funds held by a state court appointed receiver in relation to certain property subject to litigation, as well as analyzing ability of Debtor to assume or reject various leases and purchase options in order to maximize return to the estate.  A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $300.00 - $315.00 | 17.8 | $5,346.00 |
| Kimberly A. Haskell | Paralegal | $150.00 - $160.00 | 4.0 | $604.00 |
| George S. Weems | Attorney | $260.00 - $270.00 | 4.1 | $1,066.00 |
| Thomas G. Oddo | Attorney | $300.00 | 3 | $900.00 |
| | | | 28.9 | $7,916.00 |

29.     <u>Asset Disposition</u>:  (Hours:  48.9; Fees:  $13,225.00)  This project category primarily encompasses efforts to sell unencumbered real assets to private purchasers.  A general breakdown is as follows:

7

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $300.00 - $315.00 | 20.5 | $6,165.00 |
| George S. Weems | Attorney | $260.00 - $270.00 | 25.2 | $6,580.00 |
| Kimberly A. Haskell | Paralegal | $150.00 - $160.00 | 3.2 | $480.00 |
| | | | 48.9 | $13,225.00 |

30. <u>Fee and Employment Applications</u>: (Hours: 9.9; Fees: $1,635.00) This project category primarily encompasses the preparation of employment and fee applications. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $300.00 - $315.00 | 1.0 | $300.00 |
| Kimberly A. Haskell | Paralegal | $150.00 - $160.00 | 8.9 | $1,335.00 |
| Total | | | 9.9 | $1,635.00 |

31. <u>Claims Review and Analysis</u>: (Hours: 22.8; Fees: $6,241.50) This project category primarily encompasses the review of proofs of claim on file and determining whether objections can/should be made. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| Thomas G. Oddo | Attorney | $300.00 | 14.7 | $4,410.00 |
| Kimberly A. Haskell | Paralegal | $150.00 - $160.00 | 4.2 | $630.00 |
| John A. Lipinsky | Attorney | $300.00 - $315.00 | 3.9 | $1,201.50 |
| | | | 22.8 | $6,241.50 |

32. It is C&A's policy to charge its clients in all areas of practice for the identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is C&A's policy to charge its clients only the amount actually incurred in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, computer assisted legal research, and photocopying.

**Statement of Legal Services and Expenses Pursuant to 11 U.S. C. §504 and Rule 2016(B) of the Rules of Bankruptcy Procedure**

33. All of the services performed by C&A were required for the proper representation of the Debtor in this case, were authorized by the Court and were performed by C&A at the request and direction of the Debtor. Pursuant to Bankruptcy Code Section 331 and the generally applicable criteria of the time, nature, extent and value of the service performed, all of C&A's services are compensable.

34. There has been no duplication of services by the members or associates of C&A. In those instances were two or more attorneys and/or paralegals participated in any matter, such joint participation was necessary because of the complexity of the problem, magnitude of the issues, allocation of work responsibility or work involved and/or the time constraints that existed.

35. The rates at which C&A seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other firm clients.

36. No agreement exists between C&A and any third person for the sharing of compensation received by C&A in this case, except as allowed by the exception set forth in Bankruptcy Code Section 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of C&A.

37. From May 1, 2010, through July 19, 2010, C&A has devoted 193.20 hours to represent the Debtor with respect to the above categories, and has provided this estate with actual and necessary legal services worth a total of $50,033.00, and has incurred necessary expenses totaling $1,755.93.

WHEREFORE, Coman & Anderson, P.C. respectfully requests that this Court:

a.) allow Coman & Anderson, P.C.'s compensation in the amount of $50,533.00 for services rendered in this case which represents time from May 1, 2010 through July 19, 2010;

b.) allow Coman & Anderson, P.C. reimbursement in the amount of $1,755.93 for unreimbursed expenses advanced during that period;

c.) allow the application of the total sum of $52,288.93, which represents the total compensation and reimbursement requested herein;

d.) C&A may pay itself $52,288.93 from its retainer;

e.) to deem all interim awards of compensation and expense reimbursement a final Order; and

f.) grant all other relief that is just and appropriate.

                                              Respectfully submitted,

                                              Coman & Anderson, P.C.

                                              By:___/s/ John A. Lipinsky_____

| | |
|---|---|
| John A. Lipinsky | Bradley J. Waller |
| ARDC:  6207678 | ARDC: 6198210 |
| Coman & Anderson, P.C. | Klein, Stoddard, Buck, Waller & Lewis, LLC |
| 2525 Cabot Drive, Suite 300 | 2045 Aberdeen Court, Suite A |
| Lisle, Illinois 60532 | Sycamore, Illinois  60187 |
| T:  (630) 428-2660 | T:  (815) 748-0380 |
| F:  (630) 428-2549 | F:  (815) 748-4030 |
| | |
| | Counsel for the Debtor and |
| | Debtor in Possession |